UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6203-CIV-GOLD/SIMONTON

CLAIRE BLUMBERG,

    Plaintiff,

vs.

USG ANNUITY & LIFE COMPANY,
et al.,

    Defendant.                    /



FILED by _____ D.C.

FEB 17 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**ORDER REQUIRING COMPLIANCE WITH LOCAL RULE 16.1
OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

THE COURT, on its own motion, **ORDERS AND ADJUDGES**:

1. Unless otherwise exempted under S.D.Fla.L.R. 16.1(B)(9) of the United States District Court and this order, all parties are required to meet and comply with S.D. Fla.L.R. 16.1 and this Order within twenty (20) days after the filing of an answer by the last answering defendant, or within 60 days of the filing of the complaint (whichever shall first occur). No extensions will be granted absent extraordinary good cause shown.

2. Pursuant to S.D.Fla.L.R. 16.1(B)(7)(a) through (1), the parties shall prepare and file with the Court an updated Scheduling Report.

3. In addition to matters required to be included in the updated Scheduling Report, the parties shall provide the following additional information:

    a. A designation of the case management track under which the case will be processed, as defined in S.D.Fla.L.R. 16.1(A), based upon the projected time needed for trial and a proposed trial date.

b. **<u>Inclusion of dates in a form consistent with Appendix I to this Order.</u>**

c. A statement of whether the case is to be trial by jury or non-jury.

d. A plain statement of the nature of the claim and any counter-claim, cross-claim, or third-party claim, including the amount of damages claimed, a preliminary statement of how such damages were calculated and any other relief sought.

e. A brief summary of facts which are uncontested or which can be stipulated to without discovery.

f. A recital of the issues as presently known.

g. A list and summary of any pending motions.

h. The progress of discovery in the case, if any, to date, and any pending or anticipated discovery problems which require early court resolution.

i. Any unique legal or factual aspects of the case requiring special consideration by the Court including jurisdictional issues or questions concerning lack of subject matters jurisdiction.

j. Any potential need for references to a special master or magistrate.

k. Any particular need for an early case management conference to be held by the Court.

l. Status of any potential settlement.

m. Specify whether, and the manner in which, the Manual on Complex Litigation, Third Edition, would be of assistance in the cause.

n. If counsel have conferred or not regarding whether the "disclosure requirement" imposed by Fed.R.Civ.P.(26)(a)(1-4), should apply to this case by court order or by "written stipulation of all affected parties" and the result of such conference, if any.

o. Such other matters as may aid the Court in the fair and expeditious administration

and disposition of the case.

4. Timely compliance with S.D.Fla.L.R. 16.1 is critical. Any failure to abide by the required rules and this Order shall subject the party or counsel to appropriate penalties, **including but not limited to the dismissal of the cause, or the striking of defenses and entry of judgment**, and/or the imposition of monetary or other sanctions as authorities by Fed.R.Civ.P. 16(f).

5. Following the submission of the Scheduling Report, the Court may require a status conference prior to adopting the Scheduling Report by order.

6. Counsel for Plaintiff, or Plaintiff if proceeding pro se, shall be responsible for giving notice of the requirements of this subsection to each defendant or counsel for each defendant as soon as possible after such defendant's first appearance.

7. **Counsel are specifically advised that they must comply with S.D. Fla.L.R. 26.1(I), which provides as follows:** Prior to filing any discovery motion, counsel for the moving party shall confer (orally or in writing), with counsel for the opposing party in a good faith effort to resolve by agreement the issues to be raised in the discovery motion, and counsel for the opposing party shall cooperate with such efforts to confer and be obligated to act in good faith in attempting to resolve the discovery mattes at issue. At the time of filing the discovery motion, counsel for the moving party shall file with the Clerk a statement certifying either: (a) that counsel have conferred in a good faith effort to resolve the issues raised in the discovery motion and have been unable to do so; or (b) that counsel for the moving party has made reasonable effort (which shall be identified with specificity in the statement) to confer with the opposing party but has been unable to do so. If certain of the issues have been resolved by agreement, the statement shall specify the issues so resolved and the issues remaining unresolved. Failure to comply with the requirements of this Rule may be cause for the court go grant or deny the discovery motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorneys's fee.

**ORDERED IN CHAMBERS** this ___17___ day of February, 2000.

ALAN S. GOLD
UNITED STATES DISTRICT COURT JUDGE

cc:
*U.S. Magistrate Judge Andrea Simonton*
Michael Hanzman, Esq.
200 S. Biscayne Blvd.
Suite 2100
Miami, FL 33131

# APPENDIX I

| DATE | ACTION |
|---|---|
| By | All non-dispositive pretrial motions (including motions pursuant to Fed.R.Civ.P. 14, 15, 18 through 22, and 42 motions) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to Fed.R.Civ.P. 15(a) or 15(d) shall comport with S.D.Fla.L.R. 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order as required |
| By | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| By | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| By: | The parties shall comply with S.D.Fla.L.R. 16.1 K concerning the exchange of expert witness summaries and reports. This date shall supercede any other date in local rule 16.1 K. |
| By | All expert discovery shall be completed. |
| By | All non-expert discovery shall be completed. |
| By | All dispositive pretrial motions and memoranda of law must be filed. **If any party moves to strike an expert affidavit filed in support of a motion for summary judgment** [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc*, 509 U.S. 579, 125 L.Ed. 2d 469, 113 S.Ct. 2786 (1993) and *Kumho Tire Company, Ltd. v. Carmichael*,_-U.S._, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)], **the motion to strike shall be filed with that party's responsive memorandum.** |
| By | Mediation shall be completed. |

By **Pretrial Stipulation and *Motions in Limine.*** The joint pretrial stipulation shall be filed pursuant to S.D.Fla.L.R. 16.1(E). In conjunction with the Joint Pretrial Stipulation, the parties shall file their motions in limine.

By Proposed pretrial conference date

By Proposed trial date

6