UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



FILED by _____ D.C

MAR 0 6 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

CASE NO. 00-6203-CIV-GOLD/SIMONTON

CLAIRE BLUMBERG, on her own behalf and on
behalf of all class members similarly situated,

  Plaintiffs,

vs.

USG ANNUITY & LIFE COMPANY, an
Oklahoma corporation,

  Defendant.

_____/

**ORDER ON AGREED MOTION OF DEFENDANT, USG ANNUITY & LIFE
COMPANY FOR AN EXTENSION OF TIME TO SERVE
<u>A PLEADING OR MOTION WITH RESPECT TO PLAINTIFF'S COMPLAINT</u>**

  **THIS CAUSE** came before the Court on the Motion of Defendant, USG Annuity & Life

Company ("USG"), for an Enlargement of Time to Serve a Pleading or Motion with Respect to

the Complaint ("Motion"), through and including March 27, 2000. The Court having considered

the Motion and otherwise being duly advised herein, it is hereby

  **ORDERED AND ADJUDGED** that the Motion is hereby GRANTED. USG shall have

through and including March 27, 2000, to serve a pleading or motion with respect to Plaintiff's

Complaint. This Order is without prejudice to the rights of USG to raise any claim or defense to

Plaintiff's Complaint



CASE NO. 00-6203-CIV-GOLD/SIMONTON

**DONE AND ORDERED** in Chambers at Miami, Florida this ___ day of March, 2000.

_____
ALAN S. GOLD
UNITED STATES DISTRICT COURT

Conformed Copies To:
Lewis F. Murphy, P.A.
Janet T. Munn, Esq.
Michael Hanzman, Esq.

2

NIGHT BOX
FILED

MAR  6 2000

CLARENCE MADDOX
CLERK. USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
Case No. 00-6021-Civ-Gold/Simonton

GLENN PARKER,

   Plaintiff,

vs.

WINN-DIXIE STORES, INC.,

   Defendant.

_____/

### JOINT REPORT OF SCHEDULING MEETING

     Plaintiff, Glenn Parker, and defendant, Winn-Dixie Stores, Inc., report to the Court that the following items were dealt with during a meeting conducted pursuant to Rule 16.1, Local Rules for the United States District Court for the Southern District of Florida, and Federal Rule of Civil Procedure 16(b):

     A.   **Discovery Schedule**.  Counsel for the parties have agreed as follows (pursuant to Fed. R. Civ. P. 26(a)(1-4):

        1.   to provide the following, if not already produced as part of that party's responses to pending discovery, pursuant to Local Rule 16.1 on or before March 30, 2000:

          a.   the name and, if known, the address and telephone number of each individual known to have knowledge of the facts supporting the

1



material allegations of the pleadings filed by that party, identifying the subjects of the information about which the person is known to have knowledge;

      b.    all documents then reasonably available to a party which are contemplated to be used in support of the allegations of the pleading filed by the party, which documents shall be uniquely marked or accompanied by an accurate list as required by Local Rule 16.1.B.1.

      2.    The parties also agree to provide the names and addresses of additional witnesses and additional documents in the above categories as they become available.

      3.    Both before and after receipt or inspection of the agreed upon documents and list of witnesses provided for in paragraph A.1, each party may propound such additional written discovery and notice such depositions as that party believes is necessary within the limitations provided by the Federal Rules of Civil Procedure and the Local Rules.

      4.    The parties will coordinate the scheduling of all depositions.

      5.    Each party automatically will provide the other with copies of any documents obtained from third parties by subpoena, for which the receiving party will pay the actual costs of copying.

B.    **Settlement**.  Settlement has not yet been discussed.  But, the parties agree to participate in mediation after the close of discovery.

C.    **Additional Parties**. No additional parties are foreseen at this time.

D.    **Amendments to the Pleadings.** The parties do not anticipate any amendments at this time.

E.    **Related Cases**.  There are no related cases at this time.

F.    **Preliminary Estimate of Time for Trial and Type of Trial.** This is a jury trial, which the parties estimate will be ready for pretrial conference and trial in March 2001.  The parties estimate that this case will take five days to try and recommends that it be assigned to the Standard Case Management Track.

G.    **Proposed Time Limits**.  Counsel have agreed on the following proposed time limits:

By 8/31/00      All non-dispositive pretrial motions (including motions pursuant to Fed. R. Civ. P. 15, 15, 18 through 22, and 42 Motions) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to Fed. R. Civ. P. 15(a) or 15(d) shall comport with S.D. Fla. L. R. 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order as required.

By 9/1/00       Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify.

By 9/30/00      Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify.

By <u>10/15/00</u>     The parties shall comply with S.D. Fla. L. R. 16.1K concerning exchange of expert witness summaries and reports. This date shall supercede any other date in local rule 16.1K.

By <u>12/15/00</u>     All expert discovery must be completed.

By <u>12/15/00</u>     All non-expert discovery must be completed.

By <u>1/15/01</u>      All dispositive pretrial motions and memoranda of law must be filed. **If any party moves to strike an expert affidavit filed in support of a motion for summary judgment [for reasons stated in <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 125 L.Ed. 2d 469, 113 S. Ct. 2786 (1993) and <u>Kuhmo Tire Company, Ltd. v. Carmichael</u>, __ U.S. __, 119 S. Ct. 1167, 143 L.Ed. 2d 238 (1999)], the motion to strike shall be filed with that party's responsive memorandum**.

By <u>1/15/01</u>      Mediation shall be completed.

By <u>2/28/01</u>      Pretrial Stipulation and Motions in Limine. The joint pretrial stipulation shall be filed pursuant to S. D. Fla. L. R. 16.1(E). In conjunction with the Joint Pretrial Stipulation, the parties shall file their motions in limine.

By <u>3/12/01</u>      Proposed pretrial conference date.

By <u>3/26/01</u>      Proposed trial date.

H.    **Nature of the Claims and Relief Sought.**   This is a race discrimination/retaliation action by Glenn Parker ("Parker"), against Winn-Dixie Stores, Inc. ("Winn-Dixie"). Parker, whom Winn-Dixie employed as a Selector, claims that Winn-Dixie, **One**, discriminated against him because of his race, **Two**, subjected him to a racially hostile work environment, and, **Three**, retaliated against him for having complained about what he reasonably

4

perceived as racial discrimination and hostile environment harassment.  Parker

sues Winn-Dixie pursuant to:

- Count I —  Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII") (race discrimination);

- Count II —  Title VII (Retaliation);

- Count III — 42 U.S.C. § 1981 (race discrimination);

- Count IV — 42 U.S.C. § 1981 (retaliation);

- Count V — Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA") (race discrimination); and

- Count VI — FCRA (Retaliation).

Plaintiff intends to claim the following elements of damages: Punitive

damages against Winn-Dixie, the value of which plaintiff has not and cannot

determine, but for which he intends to request the jury to award him the

maximum allowable under the law; compensatory damages, including but not

limited to, damages for mental anguish, loss of dignity, and other intangible

injuries resulting from the "experience" of being harassed by the defendant, the

value of which plaintiff has not and cannot determine, but for which he intends

to request the jury to award him the maximum allowable under the law; loss

of enjoyment of life, which element of damages plaintiff has not yet quantified,

including but not limited to,  psychological symptoms associated with his mental

and emotional distress.  Plaintiff also intends to claim damages for backpay and

frontpay, if reinstatement is not awarded, due to the constructive discharge he

experienced.  Because plaintiff was paid at an hourly rate of approximately

$13.95 when he separated from employment, he intends on calculating his

backpay losses based what he should have earned but for his constructive

discharge based on the average hourly rate earned when he separated from

employment with defendant (plus his average overtime hours as revealed

through discovery).  Since his constructive discharge on July 30, 1998, the back

pay is approximately $37,944.  Plaintiff also is seeking the difference between

what he would have earned had he been promoted and what he was actually

earning when he separated from employment with defendant and subsequently,

as revealed through discovery.  Because plaintiff's backpay losses continue to

accrue and more discovery is needed to finalize damages, plaintiff cannot

provide more definite information at this time.    Similarly, plaintiff cannot

calculate front pay losses at the present time.

     I.    **Summary of Uncontested Facts**

         1.    Defendant, Winn-Dixie Stores, Inc. ("Winn-Dixie") was

at all times material an employer as envisioned by 42 U.S.C. § 2000e(b) and

section 760.02(7), Fla. Stat.

     J.    **Summary of Pending Motions**.  None.

     K.    **Progress of Discovery to Date**.  With the Complaint, plaintiff

served his first request for production, set of interrogatories, and requests for

admission.

L.    **Referral to a Magistrate Judge or Special Master**.  The parties do not agree to referral of this matter to a magistrate judge for trial at this time.  However, they have no objection to the referral of all non-dispositive motions to a magistrate judge.

M.    **Need for Early Case Management Conference.** The parties do not believe that there is a need for an early case management conference.

N.    **Settlement.** There has been no settlement discussion at this time, but the parties agree to participate in mediation.

O.    **Use of Manual on Complex Litigation**.  The parties believe that the manual should apply only to the extent necessary for entry of an agreed confidentiality order with respect to documents that the parties believe should be subject to such an order.

P.    **Other Matters**.  The parties will attempt to stipulate to as many issues as possible to avoid unnecessary proceedings, proof, cumulative evidence and the need for advance rulings from the Court.  Additionally,

1.    Documents and other tangible items exchanged, provided or obtained pursuant to Federal Rule of Civil Procedure 26, Local Rule 16.1 and/or through formal discovery that the parties agree or the court determines are confidential shall be subject to the Agreed Order of Confidentiality appended to this Report as Exhibit B.  Additional copies are submitted herewith for use by the Court if the Court finds the Order acceptable.

2.    The parties did not agree regarding the elimination of any issues from the case.

Q.    **Requested Dates**.  Plaintiff and defendant request to be excused from court appearances on the Wednesday before and the week after Thanksgiving,  the last week of the year and the first two weeks of January.

R.    **Joint Proposed Scheduling Order.**  The parties' joint proposed Scheduling Order is attached hereto as Exhibit A.  Additional copies are submitted herewith for the use of the Court, if it finds the Order acceptable.

Respectfully Submitted,

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
Amlong & Amlong, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Fort Lauderdale, Florida  33301
(954)462-1983

SPENCER H. SILVERGLATE
Florida Bar Number 769223
SPENCER KUVIN
Florida Bar Number 098737
Attorneys for Defendant
Clarke, Silverglate, Williams &
    Montgomery
100 N. Biscayne Blvd., Suite 2401
Miami, FL 33132
(305) 377-0700

Dated: March 6, 2000

Dated: March 6, 2000

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
Case No. 00-6021-Civ-Gold/Simonton

GLENN PARKER,

    Plaintiff,

vs.

WINN-DIXIE STORES, INC.,

    Defendant.

_____/

### SCHEDULING ORDER UPON
### JOINT REPORT OF SCHEDULING MEETING

THIS CAUSE came before the Court pursuant to Local Rule 16.1 of the Southern District of Florida.  The Court has reviewed and considered the parties' Joint Report of Scheduling Meeting and proposed Scheduling Order Upon Joint Report of Scheduling Meeting.  Accordingly, the Court

ORDERS AND ADJUDGES that:

1.    This case is assigned to the Standard Case Management Track.

2.    The parties will exchange documents, preliminary witness lists and the other information required by Paragraph 1 of their Joint Report of Scheduling Meeting and Federal Rule of Civil Procedure 26 by March 30, 2000. Thereafter, the parties shall conduct discovery in accordance with the Federal



**EXHIBIT**

**" A "**

1

Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida and their Joint Report of Scheduling Meeting.

      4.    The following pretrial deadlines shall apply:

By _____    All non-dispositive pretrial motions (including motions pursuant to Fed. R. Civ. P. 15, 15, 18 through 22, and 42 Motions) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to Fed. R. Civ. P. 15(a) or 15(d) shall comport with S.D. Fla. L. R. 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order as required.

By _____    Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial and only those <u>expert</u> witnesses listed shall be permitted to testify.

By _____    Defendant shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial and only those <u>expert</u> witnesses listed shall be permitted to testify.

By _____    The parties shall comply with S.D. Fla. L. R. 16.1K concerning exchange of expert witness summaries and reports.  This date shall supercede any other date in local rule 16.1K.

By _____    All expert discovery must be completed.

By _____    All non-expert discovery must be completed.

By _____    All dispositive pretrial motions and memoranda of law must be filed.  **If any party moves to strike an expert affidavit filed in support of a motion for summary judgment [for reasons stated in <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 125 L.Ed. 2d 469, 113 S. Ct. 2786 (1993) and <u>Kuhmo Tire Company, Ltd. v. Carmichael</u>, __ U.S. __, 119 S. Ct. 1167, 143 L.Ed. 2d 238 (1999)], the motion to strike shall be filed with that party's responsive memorandum**.

By _____    Mediation shall be completed.

By _____    Pretrial Stipulation and Motions in Limine. The joint pretrial stipulation shall be filed pursuant to S. D. Fla. L. R. 16.1(E). In conjunction with the Joint Pretrial Stipulation, the parties shall file their motions in limine.

5.    The pretrial conference will be held on _____.

6.    Trial will be set on the docket commencing _____.

7.    The Court will enter the parties' proposed confidentiality order as

a separate order.

**DONE AND ORDERED** in Chambers in Miami, Florida, this ____ day of

March, 2000

_____
ALAN S. GOLD
UNITED STATES DISTRICT COURT JUDGE

Copies Provided:

Karen Coolman Amlong, Esquire
Spencer H. Silverglate, Esq.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
Case No. 00-6021-Civ-Gold/Simonton

GLENN PARKER,

    Plaintiff,

vs.

WINN-DIXIE STORES, INC.,

    Defendant.

_____/

## AGREED CONFIDENTIALITY ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and insure that protection is afforded only to material so entitled, pursuant to the court's authority under Federal Rule of Civil Procedure 26(c) and with the consent of the parties, it is

ORDERED:

1.    **Non-disclosure for Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person.



1

[A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER IN CIVIL ACTION NUMBER 00-6021, UNITED STATES DISTRICT COURT, DISTRICT OF FLORIDA" to signify that it contains information believed to be subject to protection under Federal Rule of Civil Procedure 26(c)(7). For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contained materials entitled to protection may be accorded status as a stamped confidential document, but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.]

2.   **Permissible Disclosures.** Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Subject to the provisions of subparagraph (c), such documents may also be disclosed:

2

(a)    to any persons designated by the court in the interest of justice, upon such terms as the court may deem proper; and

(b)    to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and filed with the court a form containing:

(1) a recital that the signatory has read and understands this order;

(2) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this court.

(c)    Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b) who is a competitor (or any employee

3

of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least ten days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure.  If, within the ten day period, a motion is a filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion.  The court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

3.     **Declassification.**     A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document(or category of documents) stamped as confidential is not entitled to such status and protection.  The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond.  To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

4.     **Confidential Information in Depositions.**

(a)     A deponent may during the deposition be shown, and examined about, stamped confidential documents if the deponent already

4

knows the confidential information contained therein or if the provisions of paragraph 2(c) are complied with.  Deponents shall not retain or copy portions of the transcript of the depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b).    A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

(b)    Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential.  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend:    "Confidential-Subject to protection pursuant to Court Order."  Until expiration of the 15 day period, the entire deposition will be treated as subject to protection against disclosure under this order.    If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5.    **Confidential Information at Trial.**  Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information

5

may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6.    **Subpoena by Other Courts or Agencies.**  If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7.    **Filing.**  Stamped confidential documents need not be filed with the Clerk except when required in connection with motions under Federal Rule Civil Procedure 12 or 56 or other matters pending before the court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as stamped confidential documents.

8.    **Client Consultation.**  Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential

6

documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraph 2(b) and (c).

9. **Prohibited Copying.** If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the court, with notice to counsel so designating the document.

10. **Use.** Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purposes, including business, governmental , commercial, or administrative or judicial proceedings. [For purposes of this paragraph, the term "this litigation" includes other related litigation in which the producing person or company is a party.]

11. **Non-Termination.** The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least

7

one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

12. **Modification Permitted.** Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

13. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

Dated: _____

_____
ALAN S. GOLD
UNITED STATES DISTRICT COURT JUDGE

Copies Provided:

Karen Coolman Amlong, Esquire
Spencer H. Silverglate, Esquire

8