UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6203-CIV-GOLD/SIMONTON 

CLAIRE BLUMBERG, on her own behalf and on
behalf of all class members similarly situated,

    Plaintiffs,

vs.

USG ANNUITY & LIFE COMPANY, an
Oklahoma corporation,

    Defendant.
_____/

## JOINT SCHEDULING REPORT

Plaintiff Claire Blumberg (the "Plaintif") and USG Annuity & Life Company (the "Defendant") hereby submit this Joint Scheduling Report to the Court in compliance with Rule 16.1.B of the Local Rules for the Southern District of Florida, and of the Court's Order entered February 17, 2000.

1.    Pursuant to Local Rule 16.1.B, S.D. Fla. L.R., a meeting was held on April 6, 2000, and was attended by counsel for the Plaintiff and counsel for the Defendant.

2.    **Case Management Track**: Pursuant to Local Rule 16.1.A(2)(b), S.D. Fla. L.R., the Defendant believes this case should be assigned to the complex track. The Plaintiff believes this case should be assigned to the standard track.



CASE NO. 00-6203-CIV-GOLD/SIMONTON

3. **Pre-trial Motions and Discovery Schedule**: Upon resolution of motions to dismiss, if any, on or before June 30, 2000,

(a) the Defendant respectfully suggests that the Court could adopt the following schedule for filing pretrial motions and for discovery in this complex matter:

| | |
|---|---|
| By: August 31, 2000 | All class certification discovery shall be completed and the Plaintiff's motion for class certification shall be served. |
| By: August 31, 2000 | All procedural non-dispositive pretrial motions (including motions pursuant to Fed.R.Civ.P. 14, 15, 18 through 22, and 42 motions) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to Fed.R.Civ.P. 15(a) or 15(d) shall comport with S.D.Fla.L.R. 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order as required. |
| By: January 19, 2001 | The Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| By: February 19, 2001 | The Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| By: March 19, 2001 | The parties shall comply with S.D.Fla.L.R. 16.1 K concerning the exchange of expert witness summaries and reports. This date shall supercede any other date in the local rule 16.1 K. |

2

CASE NO. 00-6203-CIV-GOLD/SIMONTON

| | |
|---|---|
| By: March 19, 2001 | All non-expert discovery shall be completed. |
| By: April 17, 2001 | All expert discovery shall be completed. |
| By: April 18, 2001 | Mediation shall be completed. |
| By: April 23, 2001 | All dispositive pretrial motions and memoranda of law must be filed. **If any party moves to strike an expert affidavit filed in support of a motion for summary judgment** [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L.Ed. 2d 469, 113 S.Ct. 2786 (1993) and *Kumho Tire Company, Ltd. v. Carmichael*, __ U.S. __, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)], **the motion to strike shall be filed with that party's responsive memorandum.** |
| By: June 4, 2001 | **Pretrial Stipulation and *Motions in Limine*.** The joint pretrial stipulation shall be filed pursuant to S.D.Fla.L.R. 16.1(E). In conjunction with the Joint Pretrial Stipulation, the parties shall file their motions in limine. |
| By: June 11, 2001 | Proposed pretrial conference date |
| By: On or after June 18, 2001 | Proposed trial date |

(b)   the Plaintiff respectfully suggests that the Court could adopt the following schedule for filing pretrial motions and for discovery in this standard-track matter:

| | |
|---|---|
| By: August 31, 2000 | Plaintiffs' motion for class certification shall be served. |
| By: August 31, 2000 | All procedural non-dispositive pretrial motions (including motions pursuant to Fed.R.Civ.P. 14, 15, 18 through 22, and 42 motions) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to |

3

CASE NO. 00-6203-CIV-GOLD/SIMONTON

Fed.R.Civ.P. 15(a) or 15(d) shall comport with S.D.Fla.L.R. 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order as required.

By: November 15, 2000 — The Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify.

By: December 15, 2000 — The Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify.

By: January 17, 2001 — The parties shall comply with S.D.Fla.L.R. 16.1 K concerning the exchange of expert witness summaries and reports. This date shall supercede any other date in the local rule 16.1 K.

By: January 31, 2001 — All non-expert discovery shall be completed.

By: February 28, 2001 — All expert discovery shall be completed.

By: March 7, 2001 — Mediation shall be completed.

By: March 14, 2001 — All dispositive pretrial motions and memoranda of law must be filed. **If any party moves to strike an expert affidavit filed in support of a motion for summary judgment** [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L.Ed. 2d 469, 113 S.Ct. 2786 (1993) and *Kumho Tire Company, Ltd. v. Carmichael*, __ U.S. __, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)], **the motion to strike**

CASE NO. 00-6203-CIV-GOLD/SIMONTON

| | |
|---|---|
| | **shall be filed with that party's responsive memorandum.** |
| By: May 4, 2001 | **Pretrial Stipulation and *Motions in Limine*.** The joint pretrial stipulation shall be filed pursuant to S.D.Fla.L.R. 16.1(E). In conjunction with the Joint Pretrial Stipulation, the parties shall file their motions in limine. |
| By: May 9, 2001 | Proposed pretrial conference date |
| By: On or after May 14, 2001 | Proposed trial date |

4. **The Plaintiff has demanded a jury trial.**

5. **Statement of the Nature of the Claim**: The Plaintiff characterizes the nature of their claim issue as follows: In the Complaint, Claire Blumberg, individually and on behalf of all class members similarly situated, has sued USG Annuity & Life Company, alleging that she and the class has suffered damages because USG: (1) failed to disclose to Ms. Blumberg and the class that it was selling annuities providing for guaranteed interest rates that were lower than interest rates provided for in substantially the same annuities they sold to others; and (2) failed to provide Ms. Blumberg and the class the higher interest rates provided to purchasers of substantially the same annuities. The defendants do not adopt this description.

6. **A Brief Summary of the Facts Which are Uncontested or Which Can Be Stipulated to Without Discovery**: None at present.

7. **A Recital of the Issues as Presently Known**:

(a) The issues presently known by the Defendant include:

5

CASE NO. 00-6203-CIV-GOLD/SIMONTON

(i) Whether section 626.9541(1)(g)(1) of the Florida Statutes provides a private right of action for its enforcement;

(ii) Whether the Defendant sold a "dial-" or "pick-a-commission" annuity to the Plaintiff;

(iii) Whether the Plaintiff's purchase of an annuity sold by the Defendant was an arms-length-commercial transaction, and whether the transaction created a fiduciary duty between the parties under Florida Law; and

(iv) Whether the creation of a fiduciary duty between the plaintiff and the defendant depends upon a case-by-case analysis inconsistent with the class-certification prerequisites of commonality and typicality;

(b) The issues presently known by the Plaintiff include:

(i) Whether Defendant made available and paid to others a higher rate of interest on substantially the same Annuities Defendant sold to Plaintiff and Class members, but failed to disclose, offer or provide that higher rate of interest to Plaintiff and Class members;

(ii) Whether Defendant committed fraud when it failed to disclose to Plaintiff and Class members, either in the annuity contracts they executed or otherwise, that a higher rate of interest had been offered to and received by others for the purchase of substantially the same Annuities;

(iii) Whether Defendant negligently omitted material information in connection with the sale of annuities to Plaintiff and Class members when it failed to disclose to

CASE NO. 00-6203-CIV-GOLD/SIMONTON

Plaintiff and Class members, either in the annuity contracts they executed or otherwise, that a higher rate of interest had been offered to and received by others for the purchase of substantially the same Annuities;

(iv) Whether Defendant's conduct in offering higher rates of interest on substantially the same Annuities to others than to Plaintiff and Class members constitutes a breach of fiduciary duty to Plaintiff and Class members;

(v) Whether, in justice and fairness, the difference between the amounts accrued at the lower interest rates credited to Plaintiff and Class members' accounts, and the amounts credited to the accounts of those who received the higher interest rates for substantially the same Annuities is money had and received by Defendant that should be refunded and paid over to Plaintiff and Class members;

(vi) Whether Defendant was unjustly enriched by paying Plaintiff and Class members interest rates lower than those that had been offered to and received by others for the purchase of substantially the same Annuities, and retaining income or profits earned on the funds withheld; and

(vii) Whether Defendant's conduct in offering higher rates of interest to others than to Plaintiff and Class members on substantially the same Annuities was arbitrary and discriminatory.

8.    **List and Summary of Any Pending Motions**: None at present.

CASE NO. 00-6203-CIV-GOLD/SIMONTON

9. **The Progress of Discovery in the Case to Date and Any Anticipated Discovery Problems Which May Require Early Court Resolution**: Discovery has not yet commenced.

10. **Any Unique Legal or Factual Aspects of the Case Requiring Special Consideration by the Court Including Jurisdictional Issues or Questions Concerning Lack of Subject Matter Jurisdiction.**

(a) The Defendant believes the following issue is relevant to the Court's subject matter jurisdiction: Whether section 626.9541(1)(g)(1) of the Florida Statutes provides a private right of action for its enforcement.

(b) The Plaintiff believes there are no unique legal or factual aspects at present.

11. **Any Potential Need for References to a Special Master or Magistrate**: None at present.

12. **Any Particular Need for an Early Management Conference to be Held by the Court**: None at present.

13. **Status of any Potential Settlement**: There have been no substantive settlement discussions between the parties.

14. **Whether and How the Manual on Complex Litigation, Third Edition, Would Assist the Cause**:

(a) Because the Plaintiff has styled this as a national class action implicating the laws of 51 jurisdictions, the Defendant believes the Manual on Complex Litigation provisions for large scale national class actions will apply if this is certified as a class action.

8

CASE NO. 00-6203-CIV-GOLD/SIMONTON

(b) The Plaintiff believes that the parties should discuss whether the Manual on Complex Litigation can assist the Court in this action.

15. **Whether Counsel Have Conferred Regarding the Disclosure Requirement Imposed by Fed. R. Civ. P. 26(a)(1)-(4) Should Apply and the Result of Such Conference, if any**: The Plaintiffs and the Defendant have conferred and it is the opinion of the parties that Rule 26(a)(1)-(4) should not apply to this action.

16. **The Likelihood of the Appearance in the Action of Additional Parties**: Unknown at present.

17. **The Possibility of Obtaining Admissions of Fact and of Documents Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents and the Need for Advance Rulings from the Court on Admissibility of Evidence**: The parties agree to cooperate with respect to Stipulations, including as to the authenticity of documents.

18. **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**: None at present

19. **Preliminary Estimate of Time Required for Trial**: The Plaintiff estimates 5-7 days. The Defendant estimates 8 weeks as a class action and 3 days as a single plaintiff.

20. **Such Other Matters as May Aid the Court in the Fair and Expeditious Administration and Disposition of the Case**: None at present

21. **Modifications**: Each party respectfully reserves the right to seek Court approval to modify this proposal or the Scheduling Order.

22. The parties have prepared and submitted a proposed scheduling order.

CASE NO. 00-6203-CIV-GOLD/SIMONTON

Dated: April 10, 2000.

                        Respectfully submitted,

| HANZMAN CRIDEN CHAYKIN & ROLNICK, P.A. | STEEL HECTOR & DAVIS LLP |
|---|---|
| Attorneys for the Plaintiff | Attorneys for the Defendant |
| 200 South Biscayne Boulevard | 200 South Biscayne Boulevard, Suite 4000 |
| Suite 2100 | Miami, Florida 33131 |
| Miami, Florida 33131 | Telephone: (305) 577-2864 |
| Telephone: (305) 357-9000 | Telecopy: (305) 577-7001 |
| Telecopy: (305) 357-9050 | |

By: _____
    Michael Hanzman, Esq.
    Florida Bar No. 510637
    Michael E. Criden, Esq.
    Florida Bar No. 714356
    Alan Rolnick, Esq.
    Florida Bar No. 715085
    Kevin B. Love, Esq.
    Florida Bar No. 993948

By: _____
    Lewis F. Murphy, P.A.
    Florida Bar No. 308455
    Janet T. Munn
    Florida Bar No. 501281
    Robert W. Pittman
    Florida Bar No. 027944

MIA_1998/573693-2