UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 00-6203-CIV-GOLD/SIMONTON

CLAIRE BLUMBERG, et al.

    Plaintiff,

v.

USG ANNUITY & LIFE COMPANY,

    Defendant.
_____/



FILED by ____ D.C.
APR 21 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER SETTING PRETRIAL AND TRIAL DATES AND ESTABLISHING PRETRIAL PROCEDURES

Based upon the parties' Joint Scheduling Report, dates for the pretrial conference, calendar call, and trial of this case are set forth below. Counsel shall carefully review and comply with the following requirements concerning the pretrial conference.

**Pretrial Conference**

1. The pretrial conference is set pursuant to Fed.R.Civ.P. 16 for **July 6, 2001** at **9:00 a.m.** Unless instructed otherwise by subsequent order, the trial and all other proceedings shall be conducted at 301 North Miami Avenue, 10th floor, courtroom ten, Miami, Florida 33128. Pursuant to S.D.Fla.L.R. 16.1(C), each party shall be represented at the pretrial conference and at the meeting required by S.D.Fla.L.R. 16.1(D) by the attorney who will conduct the trial, except for good cause shown.

2. Trial is set for the two-week calendar commencing **Monday, September 10, 2001 at 9:00 a.m.** Counsel for all parties shall appear at a Calendar Call on **Wednesday, September 5, 2001 at 1:30 p.m.**

**Telephonic Conferencing for Calendar Call**

3. When practical, counsel are urged to utilize telephonic conferencing for the calendar call,

as follows: (i) coordinate with counsel for all parties for purposes of determining who else will be appearing in this manner, (ii) schedule the telephonic conference through an **operator-assisted** service, and (iii) file a notice of intention to appear telephonically five (5) business days prior to the calendar call.

### Providing Word Perfect Compatible Disk to the Court

4. Each counsel shall provide the court with a formatted 3.5 diskette for the following motions and responses:

(i) memoranda of law in accordance with S.D.Fla.L.R.16.1(K); (ii) class action certification motions; (iii) dispositive motions; (iv) proposed jury instructions and verdict forms; (v) proposed findings of fact and conclusions of law, and (vi) proposed substantive orders. Each diskette shall be clearly labeled as to the case style and the items recorded on each diskette.

### Pretrial Schedule and Pretrial Stipulation

5. All counsel shall comply with S.D.Fla.L.R. 16.1(D) regarding the preparation of the joint Pretrial Statement. **Not later than 15 days prior to the due date of the joint pretrial stipulation,** lead counsel shall meet at a mutually convenient location and accomplish the matters set forth in S.D.Fla.L.R. 16.1(D) 1 through 6, and prepare a *joint* pretrial stipulation in compliance with S.D.Fla.L.R. 16.1(E). **The court will not accept unilateral pretrial stipulations, and will strike sua sponte, any such submissions. Should any of the parties fail to cooperate in the preparation of the joint stipulation, all other parties shall file a certification with the court stating the circumstances. Upon receipt of such certification, the court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) should not be held in contempt, and sanctions be imposed, for failure to comply with the court's order.**

**6. The joint pretrial stipulation and the pretrial conference is of critical importance to the court. Counsel are expected to do everything reasonably possible to prepare the joint pretrial statement in good faith with the goal in mind to shorten the amount of time required to try the case. To this end, counsel shall eliminate all unnecessary witnesses, stipulate to all uncontested facts, and reduce the number of exhibits to a minimum.**

7. The joint pretrial stipulation **also shall include** the following information:

(i) Counsel shall prepare a joint statement of the case which the court will read to the jury in introducing the case to the jury panel during voir dire examination.

(ii) The preparation of the joint statement of stipulated facts is not regarded as a *pro forma* requirement. Counsel shall carefully prepare the joint statement after reviewing all admissions contained in the pleadings and in discovery. The purpose of the statement is to eliminate unnecessary testimony from witnesses on undisputed matters of fact. The statement shall be introduced into evidence as a court exhibit and shall be read to the jury. When necessary, counsel may be permitted to elicit admitted facts by testimony or to lay a predicate for further testimony.

(iii) Counsel shall prepare his or her witness list by disclosing those witnesses whom counsel believes in good faith he or she intends to call in their case. To the extent counsel wishes to list other witnesses who *may* be called in response to the other parties' evidence and testimony, these witnesses shall be identified in a separate witness list designated as "List of Other Possible Witnesses." Counsel shall specify which witnesses he or she intends to call "live" and which witnesses will be presented through the reading of depositions. As to the latter, counsel shall estimate the amount of time required to read the deposition testimony. If the time required is more than twenty minutes, counsel should consider presentation of the testimony by video deposition.

(iv) Counsel shall prepare his or her exhibit list by identifying those exhibits which counsel

believes in good faith that he or she intends to introduce in their case, excluding impeachment exhibits. To the extent counsel wishes to list other exhibits he or she *may* introduce in response to the opposing parties' evidence and testimony, such exhibits shall be identified in a separate exhibit list designated as "List of Other Possible Exhibits."

As to those exhibits on the primary list, counsel shall **carefully** note the basis for their objections in accordance with S.D.Fla.L.R. 16.1(E)(9). **The court will not accept general objections based on matters such as authenticity without an accompanying motion in limine which addresses the basis for such objections. Counsel shall realistically consider their objections and agree on trial exhibits which may be entered into evidence without objection in order to conserve trial time. Any failure to abide by these instructions may result in sanctions.**

(v) Counsel shall discuss and set forth in the joint pretrial statement their estimate as to the amount of trial time necessary to complete their respective cases. Counsel are advised that court shall be in session from 9:00 A.M. to 4:30 P.M., with one hour for lunch, Monday through Thursday of each week. Each counsel shall estimate carefully the time for direct examination of their respective witnesses and also provide an estimate of the amount of time needed for cross-examination, re-direct and re-cross examination. **Counsel are hereby warned that the court has successive two week calenders and numerous criminal trials with speedy trial requirements. Any failure to advise the court in good faith of the estimated trial time may not only delay conclusion of the trial, but may also result in sanctions against counsel.**

(vi) Counsel shall enumerate with particularity the legal and factual issues which are pending for trial. The court considers such delineation to be critical, and a good faith effort is mandatory. In the event of a significant disagreement, the parties shall set forth the reason(s) for their

disagreement and provide a modified statement of the issue(s) which such party proposes to be tried.

(vii) The joint pretrial stipulation shall include the names, addresses, resumes, and brief summaries of the opinions of all expert witnesses expected to be called at trial.

(viii) All motions *in limine* shall be filed with the Joint Pretrial Stipulation, including motions to strike expert testimony under the authority of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469, (1993) and *Kumho Tire Co. v.Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Any *Daubert/Kumho* motion shall be accompanied by appropriate affidavits.

### Time Schedule

8. The following time schedule shall govern unless modified by court order after a showing of compelling circumstances. Absent a court order, a motion to dismiss shall not stay discovery.

| DATE | ACTION |
|---|---|
| By August 31, 2000 | All class certification discovery shall be competed and the Plaintiff's motion for class certification shall be served. |
| By August 31, 2000 | All procedural non-dispositive pretrial motions (including motions pursuant to Fed.R.Civ.P. 14, 15, 18 through 22, and 42 motions) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to Fed.R.Civ.P. 15(a) or 15(d) shall comport with S.D.Fla.L.R. 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order as required. |
| On November 3, 2000 | Oral argument on class certification (see separate order) |

| | | |
|---|---|---|
| By | January 19, 2001 | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| By | February 19, 2001 | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| By | March 19, 2001 | The parties shall comply with S.D.Fla.L.R. 16.1 K concerning the exchange of expert witness summaries and reports. This date shall supercede any other date in the local rule 16.1 K. |
| By | March 19, 2001 | All non-expert discovery shall be completed. |
| By | April 17, 2001 | All expert discovery shall be completed. |
| By | April 23, 2001 | All dispositive pretrial motions and memoranda of law must be filed. **If any party moves to strike an expert affidavit filed in support of a motion for summary judgment** [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed. 2d 469, (1993) and *Kumho Tire Company, Ltd. v. Carmichael,* 525 U.S.137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)], **the motion to strike shall be filed with that party's responsive memorandum.** |
| By | April 18, 2001 | Mediation shall be completed. |
| By | June 4, 2001 | **Pretrial Stipulation and *Motions in Limine.*** The joint pretrial stipulation shall be filed pursuant to S.D.Fla.L.R. 16.1(E) and this Order. In conjunction with the Joint Pretrial Stipulation, the parties shall file their motions in limine. |

**Miscellaneous Matters**

9. All written motions shall be accompanied by **stamped, addressed envelopes** as required by S.D.Fla.L.R. 7.1(A)(4).

10. It is further ordered that any party filing a written **simple** motion shall submit one original **proposed order** granting the motion. **The proposed order shall also contain a service list.**

11. A motion for continuance shall not stay the requirement for filing a joint pretrial stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty days prior to the scheduled trial date.

12. Counsel are reminded that admission to the Bar of this district is a prerequisite to appearing before this court for trial, as provided by the Local Rules of the Southern District of Florida. Counsel who are not members of the Bar of the Southern District of Florida will be permitted to appear for trial if assisted throughout the duration of trial by a member of the Southern District Bar.

13. Non-compliance with any provision of this order may subject the offending party to sanctions or dismissal. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of the case. **Failure to file a Joint Pretrial Stipulation on or before the date set forth above shall be grounds for dismissal.**

**ORDERED** and **SIGNED** in Chambers at Miami, Florida, this ___ day of April, 2000.

_____
ALAN S. GOLD
**UNITED STATES DISTRICT JUDGE**

Copies furnished:
**Magistrate Judge Andrea M. Simonton**
**Michael Hanzman, Esq.**
**Hanzman Criden Chaykin & Rolnick, P.A.**
200 S. Biscayne Blvd., #2100
Miami, FL 33131
**Lewis Murphy, Esq.**
**Stell Hector & Davis LLP**
200 S. Biscayne Blvd., #4000
Miami, FL 33131