UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6203 CIV-GOLD/SIMONTON

Complaint - Class Action

CLAIRE BLUMBERG, on her own behalf and
on behalf of all class members similarly situated,

    Plaintiffs,

v.

USG ANNUITY & LIFE COMPANY, an
Oklahoma corporation,

    Defendant.

_____/



# FIRST AMENDED COMPLAINT

Plaintiff Claire Blumberg ("Blumberg"), on her own behalf and on behalf of all Class members similarly situated, sues Defendant USG Annuity & Life Company ("USG").

## INTRODUCTION

1. This is a class action for fraudulent omission, negligent omission, breach of fiduciary duty, unjust enrichment, and money had and received. Each claim is based upon USG's conduct in (1) failing to disclose to Plaintiff and Class members that USG and its agents were selling Plaintiff and Class members Single Premium Deferred Annuities ("Annuities") providing for guaranteed first-year interest rates that were lower than the guaranteed first-year interest rates provided for in substantially the same Annuities they sold to others, and (2) failing to provide Plaintiff and Class members with the higher guaranteed first-year interest rates Defendant provided to other purchasers of substantially the same Annuities. Plaintiff, on her own behalf and as representative of the Class

defined below, seeks recovery of the difference between the interest benefits credited to her account and the accounts of all Class members and those higher interest benefits credited to others who purchased substantially the same Annuities and were credited with a higher first-year guaranteed interest rate, together with interest and punitive damages.

## PARTIES

2.  Claire Blumberg is a citizen of the State of Florida who resides within this district.

3.  USG is an Oklahoma corporation with its principal place of business in Des Moines, Iowa.

## JURISDICTION AND VENUE

4.  Diversity jurisdiction exists in this Court under 28 U.S.C. § 1332 because the dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs and inclusive of Class members' aggregated punitive damages. This Court also has jurisdiction over certain of the claims in this action pursuant to supplemental jurisdiction principles and 28 U.S.C. § 1367(a).

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendant conducts business in this district, and many of the acts and transactions complained of herein were committed against Plaintiff and Class members in this district.

## CLASS ALLEGATIONS

6.  Plaintiff brings this action as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure on behalf of a nationwide class consisting of all those who purchased annuities offered for sale by USG with interest benefits that did not reflect the higher interest rates that USG offered and provided to other purchasers of substantially the same Annuities (the "Class").

2

Hanzman Criden Chaykin & Rolnick, P.A.
COMMERCEBANK CENTER • SUITE 400 • 220 ALHAMBRA CIRCLE • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 357-9000

Excluded from the Class are the Defendant, its employees, agents, family members, legal representatives, heirs, subsidiaries, affiliates, successors or assigns.

7. Members of the Class are so numerous and geographically dispersed throughout the United States that joinder of all Class members is impracticable. Plaintiff estimates that the Class includes thousands of clients of the Defendant. Moreover, on information and belief, Plaintiff alleges that the vast majority of people victimized by Defendant's scheme were senior citizens.

8. Plaintiff will fairly and adequately protect the interests of all Class members and has retained competent counsel that are experienced in class action litigation.

9. Plaintiff's claims are typical of the claims of the Class, and all Class members sustained losses arising out of Defendant's same wrongful conduct. Thus, the interests of the Plaintiff are the same as the Class members' interests and do not place the Class in jeopardy.

10. The questions of law and fact common to the Class predominate over any question solely affecting individual Class members. Among the questions of law and fact common to all Class members are the following:

    1. Whether Defendant made available and paid to others a higher rate of interest on substantially the same Annuities Defendant sold to Plaintiff and Class members, but failed to disclose, offer or provide that higher rate of interest to Plaintiff and Class members;

    2. Whether Defendant committed fraud when it failed to disclose to Plaintiff and Class members, either in the annuity contracts they executed or otherwise, that a higher rate of interest had been offered to and received by others for the purchase of substantially the same Annuities;

    3. Whether Defendant negligently omitted material information in connection with the sale of annuities to Plaintiff and Class members when it failed to disclose to Plaintiff and Class members, either in the annuity contracts they executed or otherwise, that a higher rate of interest had been offered to and received by others for the purchase of substantially the same Annuities;

HANZMAN CRIDEN CHAYKIN & ROLNICK, P.A.
COMMERCEBANK CENTER • SUITE 400 • 220 ALHAMBRA CIRCLE • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 357-9000

4. Whether Defendant's conduct in offering higher rates of interest on substantially the same Annuities to others than to Plaintiff and Class members constitutes a breach of fiduciary duty to Plaintiff and Class members;

5. Whether, in justice and fairness, the difference between the amounts accrued at the lower interest rates credited to Plaintiff and Class members' accounts, and the amounts credited to the accounts of those who received the higher interest rates for substantially the same Annuities is money had and received by Defendant that should be refunded and paid over to Plaintiff and Class members;

6. Whether Defendant was unjustly enriched by paying Plaintiff and Class members interest rates lower than those that had been offered to and received by others for the purchase of substantially the same Annuities, and retaining income or profits earned on the funds withheld;

7. Whether Defendant's conduct in offering higher rates of interest to others than to Plaintiff and Class members on substantially the same Annuities was arbitrary and discriminatory.

11. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members — who, upon information and belief, number in the thousands — is impracticable. Furthermore, the expense and burden of individual litigation makes it impossible for the Class members to individually redress the wrongs done to them.

## DEFENDANT'S FRAUDULENT SCHEME

12. At all relevant times, USG was in the business of selling life insurance and related investment vehicles, including Annuities. Customers could invest in such Annuities by making a single payment, with the Annuities being credited with a minimum first-year guaranteed interest rate.

13. Annuities are more likely to be bought by senior citizens. Upon information and belief, Plaintiff alleges that the vast majority of Class members are sixty years old or older.

14. On or about June 15, 1992, Blumberg purchased from Defendant a "MVA III" single premium fixed annuity policy. At the time Blumberg was purchasing her annuity, Defendant was also selling substantially similar Annuities to its other customers. While those Annuities have different names, they are in fact substantially the same as the Annuity purchased by Blumberg. Indeed, from a financial standpoint, those other Annuities offer the purchasers virtually identical benefits, except for different interest rates and interest "bonuses." Such interest rates and bonuses are directly related to the amount of commission available to the agent or broker selling the Annuities, with lower interest rates and bonuses accompanying higher commissions.

15. Defendant gave its agents and brokers discretion to arbitrarily decide who received the higher interest rate guarantee and bonus and who did not. In an article entitled "Bonus Annuities Create an Integrity Dilemma," industry commentator Danny Fisher calls this practice the "Pick A Commission" ("PAC") plan. The article is attached hereto as Exhibit "A." Under such PAC plans, the agent or broker has the option of selling an annuity to a purchaser that provides, for example, either a zero, one, two or three point bonus. If the purchaser buys a zero-bonus annuity, the broker receives the maximum commission. If the purchaser buys a one-point-bonus annuity, the broker's commission is reduced by one point. Hence, the only way for the purchaser to receive the full benefits available under the annuity is if the broker's commission is reduced by the full amount of the "bonus." Fisher notes that these PAC plans are becoming common in the industry among competitors.

16. Defendant has made PAC plans available to its independent network of brokers for sale in Florida and other states. Under Defendant's PAC plans, Defendant gave discretion to its brokers to make higher interest rates available to some purchasers but not to others. Defendant did

HANZMAN CRIDEN CHAYKIN & ROLNICK, P.A.
COMMERCEBANK CENTER • SUITE 400 • 220 ALHAMBRA CIRCLE • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 357-9000

not disclose to Plaintiff and Class members in the annuity contracts they executed or otherwise that an arbitrary and discriminatory higher interest rate was offered to and received by others for the purchase of substantially the same Annuities.

17. The sale of any annuities with discriminatory benefits payable is unlawful. The Florida anti-discrimination statute, which is substantially similar to the model statute enacted by many other states, prohibits "knowingly making or permitting any unfair discrimination between individuals of the same actuarially supportable class and equal expectation of life, in the rates charged for any life insurance or annuity contract, in the dividends or other benefits payable thereon, or in any other of the terms and conditions of such contract." Fla. Stat. § 626.9541(1)(g)(1).

18. Defendant's practice of offering and selling Annuities to Plaintiff and Class members with guaranteed interest rates that did not reflect the higher interest rates made available to others purchasing substantially the same Annuities does not meet any of the exceptions to the prohibition against unfair discrimination under the Florida statute or the model statute and is otherwise unlawful under the common law of the states where Class members reside.

19. Due to the extensive regulation of the insurance industry and the prohibitions against unfair sales practices and discriminatory benefits, Plaintiff and Class members had a reasonable expectation that (a) Defendant would make full and honest disclosure of the interest rates applicable to the Annuities, and (b) Defendant's sale of substantially the same Annuities to different persons would be made at the same guaranteed interest rates.

20. Because of the superior knowledge possessed by Defendant and the extensive regulation of the insurance industry to eliminate unfair sales practices, including the prohibition against unfairly discriminatory benefits, Plaintiff and Class members reasonably looked to Defendant

Hanzman Criden Chaykin & Rolnick, P.A.
COMMERCEBANK CENTER • SUITE 400 • 220 ALHAMBRA CIRCLE • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 357-9000

as a fiduciary and reasonably expected that the Defendant would observe the highest standards of honesty, loyalty and fair dealing in all its interactions with Plaintiff and Class members.

21. Defendant offered and sold to others substantially the same Annuities they sold to Plaintiff and Class members, but with higher guaranteed interest rates than the rates provided to Plaintiff and Class members.

22. USG gave its agents discretion to arbitrarily decide who received the higher interest rate guarantee and who did not.

23. Defendant made such higher interest rates available to others, but neither made available nor disclosed to Plaintiff and Class members in the annuity contracts they executed or otherwise, that an arbitrary and discriminatory higher interest rate was offered to and received by others for the purchase of substantially the same Annuities.

24. Plaintiff and Class members, by virtue of the circumstances of this case, including the prohibition against arbitrary, unfairly discriminatory benefits, Defendant's superior knowledge and the fiduciary relationship between Plaintiff and Class members and Defendant, were entitled to disclosure of the fact that a higher guaranteed rate of interest had been offered to and received by others for the purchase of substantially the same Annuities.

25. Defendant continued to fail to disclose in the account statements it sent to Plaintiff and Class members that Plaintiff and Class members were credited with a lower interest rate for substantially the same Annuities that others had purchased at the same rates and premiums as the rates and premiums paid by Plaintiff and Class members.

26. Upon information and belief, Defendant has not made any effort to contact Plaintiff or any Class members to advise them that they purchased Annuities with arbitrary, unfairly

discriminatory benefits and that others were offered substantially the same Annuities with higher guaranteed interest rates than those offered to Plaintiff and Class members.

27.     Plaintiff and the Class members did not discover and, in the exercise of due diligence, could not have discovered the fact that Defendant credited Plaintiff and Class members with lower interest rates than the rates credited to others who bought substantially the same Annuities.

28.     In light of Defendant's continuing misrepresentation on each account statement and its failure to disclose to Plaintiff and Class members that others had received higher interest rates on the same Annuities, discovery of this underpayment of interest was not reasonably possible and/or any applicable statute of limitations is equitably tolled, allowing Plaintiff and Class members to pursue their claims from the time Defendant began the practice of offering different customers different interest rates on substantially the same Annuities through the date judgment is entered in this case.

29.     Defendant's conduct was gross, malicious and oppressive, involving a uniform fraudulent course of conduct and omissions and misrepresentations that were made with knowledge of falsity or were so recklessly made as to amount to the same thing. Defendant's willful and contumacious conduct justifies awarding punitive damages to Plaintiff and the Class.

HANZMAN CRIDEN CHAYKIN & ROLNICK, P.A.
COMMERCEBANK CENTER • SUITE 400 • 220 ALHAMBRA CIRCLE • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 357-9000

## COUNT I
### Fraudulent Omission

30. Plaintiff readopts and realleges each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

31. Defendant and its agents stood in a fiduciary and/or confidential relationship to Plaintiff and the Class and owed to Plaintiff and the Class the duties of utmost loyalty and honesty, including the duty to not make material omissions and misrepresentations or suppress material facts.

32. Defendant and its agents also owed Plaintiff and the Class the duty to not make material omissions or suppress material facts because of the circumstances of this case, including, among other things, Defendant's superior knowledge, the importance of the omissions and the fact that the parties were not dealing at arm's-length.

33. Defendant failed to disclose to Plaintiff and Class members, either in the annuity contracts they executed or otherwise, that an arbitrary and unfairly discriminatory higher interest rate had been offered to and received by others for the purchase of substantially identical Annuities.

34. Defendant knew or was reckless in not knowing that this failure to disclose that others had received a higher interest rate guarantee for substantially the same Annuities was a material omission of fact, and Defendant intended this omission to induce the reliance of Plaintiff and the other Class members.

35. Plaintiff and Class members reasonably relied on Defendant's material omissions of fact to their detriment in purchasing the Annuities providing for guaranteed interest that did not reflect the higher guaranteed interest rates offered to and received by others for the purchase of substantially the same Annuities.

HANZMAN CRIDEN CHAYKIN & ROLNICK, P.A.
COMMERCEBANK CENTER • SUITE 400 • 220 ALHAMBRA CIRCLE • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 357-9000

36. Plaintiff and the other Class members relied upon the correctness of the account statements by Defendant and paid the demanded premiums for the Annuities without the knowledge that they were being underpaid interest by Defendant.

37. As a proximate result of Defendant's fraud, Plaintiff and the other Class members have suffered damages and are entitled to recover their damages, including punitive damages.

## COUNT II
### Negligent Omission

38. Plaintiff readopts and realleges each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

39. Defendant and its agents stood in a fiduciary and/or confidential relationship to Plaintiff and the Class and owed to Plaintiff and the Class the duties of utmost loyalty and honesty, including the duty to not make material omissions or misrepresentations or suppress material facts.

40. Defendant and its agents also owed Plaintiff and the Class the duty to not make material omissions or suppress material facts because of the circumstances of this case, including, among other things, Defendant's superior knowledge, the importance of the omissions and the fact that the parties were not dealing at arm's-length.

41. Defendant negligently failed to disclose to Plaintiff and Class members, either in the annuity contracts they executed or otherwise, that an arbitrary and unfairly discriminatory higher guaranteed interest rate had been offered to and received by others for the purchase of substantially the same Annuities.

HANZMAN CRIDEN CHAYKIN & ROLNICK, P.A.
COMMERCEBANK CENTER • SUITE 400 • 220 ALHAMBRA CIRCLE • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 357-9000

42.   Defendant made these material omissions and misrepresentations of fact with careless indifference as to their truth or falsity and with the intent to induce the reliance of Plaintiff and the other Class members.

43.   Plaintiff and Class members reasonably relied on Defendant's material omissions and misrepresentations of fact to their detriment in purchasing Annuities with interest rates that did not reflect the higher interest rates provided to others for the purchase of substantially the same Annuities.

44.   Plaintiff and the Class members relied upon the correctness of the account statements by Defendant and paid the demanded premiums for the Annuities without the knowledge that they were being credited with lower interest rates than the interest rates credited to others who purchased substantially the same Annuities.

45.   As a proximate result of Defendant's negligent omissions and misrepresentations, Plaintiff and the other Class members have suffered damages and are entitled to recover their damages, including punitive damages.

## COUNT III
### Breach of Fiduciary Duty

46.   Plaintiff readopts and realleges each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

47.   Defendant and its agents stood in a fiduciary and/or confidential relationship to Plaintiff and the Class and owed to Plaintiff and the Class the duties of utmost loyalty and honesty, including the duty to not make material omissions or misrepresentations or suppress material facts,

HANZMAN CRIDEN CHAYKIN & ROLNICK, P.A.
COMMERCEBANK CENTER • SUITE 400 • 220 ALHAMBRA CIRCLE • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 357-9000

and the duty to not unfairly discriminate among its clients as to the interest benefits of substantially identical Annuities.

48. Defendant's practice of providing higher guaranteed interest rates to other purchasers of substantially the same Annuities than the rates provided to Plaintiff and Class members was a breach of its fiduciary duties to Plaintiff and Class members.

49. Defendant's initial and continuing failure to disclose to Plaintiff and Class members the fact that a higher interest rate was available and was provided to other purchasers of the same Annuities was a breach of Defendant's fiduciary duties to Plaintiff and Class members.

50. Defendant committed these breaches intentionally or with reckless disregard of Plaintiff's and Class members' rights.

51. As a proximate result of Defendant's breaches of fiduciary duty, Plaintiff and the other Class members have suffered damages and are entitled to recover their damages, including punitive damages.

## COUNT IV
## Unjust Enrichment

52. Plaintiff readopts and realleges each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

53. Plaintiff and Class members conferred a benefit upon Defendant by purchasing the Annuities at prices that exceeded what the Annuities were actually worth. Defendant had knowledge of this benefit being conferred upon it by the Plaintiff and Class members.

HANZMAN CRIDEN CHAYKIN & ROLNICK, P.A.
COMMERCEBANK CENTER • SUITE 400 • 220 ALHAMBRA CIRCLE • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 357-9000

54. Defendant voluntarily accepted and retained the benefit conferred upon it by Plaintiff and the Class, with full knowledge that Plaintiff were not being paid sufficient interest for the Annuities they purchased.

55. Notwithstanding the duties owed by Defendant to Plaintiff and the Class members, Defendant never made Plaintiff and the Class members aware that Defendant sold Annuities to others that were identical to those purchased by Plaintiff and Class members but offered a higher first-year interest rate. It would therefore be inequitable for Defendant to retain the benefit conferred upon it by Plaintiff and the Class without paying the value thereof to Plaintiff and the Class members.

56. Plaintiff and the Class were without knowledge of the fact that they were receiving a lower interest rate than that received by other of Defendant's customers, and therefore did not make the overpayment voluntarily.

57. Moreover, by taking advantage of its position of trust and confidence as to Plaintiff and the Class members — its clients — Defendant withheld the additional amounts of interest that should have accompanied the Annuities for which it charged the same prices as higher-yielding Annuities. Defendant therefore imposed the unjustly low interest rate upon Plaintiff and the Class members.

58. By reason of the foregoing, Plaintiff and the Class members are entitled to recover the interest that they should have received from Defendant but for Defendant's unjust actions, together with all income or other profits earned by Defendant on the monies unjustly withheld from Plaintiff and Class members, plus punitive damages.

HANZMAN CRIDEN CHAYKIN & ROLNICK, P.A.
COMMERCEBANK CENTER • SUITE 400 • 220 ALHAMBRA CIRCLE • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 357-9000

## COUNT V
### Money Had and Received

59.  Plaintiff readopts and realleges each and every allegation contained in paragraphs 1 through 29 and 53 through 58 as if fully set forth herein.

60.  As described above, Defendant has had and received money which, in justice and fairness, should be refunded and paid over to Plaintiff and Class members.

61.  As a result of Defendant having wrongfully withheld money from Plaintiff and Class members, based upon providing less interest to Plaintiff and Class members than Defendant provided to other customers who paid the same for their Annuities than did the Plaintiff and Class members, Plaintiff and Class members are entitled to recover the amounts that Defendant wrongly withheld through the date judgment is entered, together with pre-judgment interest.

## COUNT VI
### Injunctive Relief

62.  Plaintiff readopts and realleges each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

63.  Defendant and its agents are currently selling Annuities providing for guaranteed first-year interest rates that are lower than the guaranteed first-year interest rates provided for in substantially the same Annuities they are selling to others.

64.  Defendant and its agents continue to sell Annuities without disclosing that they are selling substantially the same Annuities to others with an arbitrary and discriminatory higher interest rate.

HANZMAN CRIDEN CHAYKIN & ROLNICK, P.A.
COMMERCEBANK CENTER • SUITE 400 • 220 ALHAMBRA CIRCLE • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 357-9000

65. On information and belief, the majority of Defendant's customers are over sixty years old.

66. Absent injunctive relief from Defendant's unlawful practices, Class members will remain subject to the risk of repeated solicitations and sales of financially inferior Annuities by Defendant.

67. If the Court does not immediately enjoin Defendant's activities, Class members and other persons will suffer irreparable injury.

68. An injunction is warranted because the plaintiff has no adequate remedy at law to prevent Defendant and its agents from continuing to pursue its discriminatory and unlawful practices.

69. Given that most of the victims of Defendant's discriminatory practices are senior citizens, an injunction will certainly serve the public interest.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on her own behalf and on behalf of all Class members similarly situated, respectfully requests that this Court:

1. Certify this action as a class action under Federal Rule of Civil Procedure 23;

2. Award Plaintiff and the other Class members damages, including punitive damages, suffered as a result of the wrongs complained of herein, together with appropriate income or profits earned by Defendant as a result of Defendant's conduct;

3. Enter an injunction ordering Defendant and its agents to immediately stop their arbitrary and discriminatory practice of offering substantially the same Annuities to Class members and persons with different interest rates based on the amount of a broker's commission;

4. Award pre-judgment interest; and

5. Award such further relief as is appropriate in the interest of justice.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

Dated: May __10__, 2000.

Respectfully submitted,

Hanzman Criden Chaykin & Ponce, P.A.
Attorneys for Plaintiff
Commercebank Center
220 Alhambra Circle, Suite 400
Coral Gables, Florida 33134
Telephone: (305) 357-9000
Facsimile: (305) 357-9050

Michael A. Hanzman
   Florida Bar No. 510637
Michael E. Criden
   Florida Bar No. 714356
Alan Rolnick
   Florida Bar No. 715085
Kevin B. Love
   Florida Bar No. 993948

16

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served this 10 of May, 2000, via U.S. Mail, to: Lewis Murphy, P.A., Steel Hector & Davis, LLP, 200 South Biscayne Blvd., Suite 4000, Miami, Florida 33131.

Kevin B. Love

L:\LIBRARY\2770\Plead\First Amended USG Complaint.wpd

17

**Hanzman Criden Chaykin & Rolnick, P.A.**
COMMERCEBANK CENTER • SUITE 400 • 220 ALHAMBRA CIRCLE • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 357-9000