UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6203-CIV-GOLD/SIMONTON

CLAIRE BLUMBERG, on her own behalf and on
behalf of all class members similarly situated,

    Plaintiffs,

vs.

USG ANNUITY & LIFE COMPANY, an
Oklahoma corporation,

    Defendant.
_____/

**NIGHT BOX FILED**
**JUL 2 1 2000**
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION
### TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Blumberg's Response to USG's Motion to Dismiss underscores the fatal defect in the Plaintiff's claim and confirms that the Amended Complaint, as with the original Complaint, fails to include any factual allegations because there are none that can be made to support the claim. Significantly, the Response also sounds a retreat from even the strong *conclusory* allegations of the Amended Complaint. Gone are the allegations of nationwide "pick-a-commission" plans with multiple interest rates tied directly but negatively correlated to the agent's commission. *See* Amended Complaint ¶¶ 14-16. Instead, Blumberg now proposes in her Response that: USG sold a *single*, almost identical, annuity containing a first-year-bonus interest rate unlike the annuity she purchased; and the savings in interest payments to USG from the no-bonus annuity "*generally* found its way into the pockets of USG's agents." *See* Response at 2, 8 (emphasis added). Still no "facts" are offered.

STEEL HECTOR & DAVIS LLP

Even if the Response was the appropriate document to amend and reform the plaintiff's theory of the case, the conclusory nature of the plaintiff's actual allegations have not changed. USG should not be required to defend against a potential nationwide class action based on vague recycled theories with no factual basis. The law of this Circuit does not require such a result.

I. **BLUMBERG CANNOT SATISFY RULE 9(b) WITH SPARSE CONCLUSORY ALLEGATIONS OF FRAUD**

Contrary to Blumberg's Response, the Rule 9(b) particularity requirements enunciated in *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997), apply to *both* fraudulent statements *and* omissions. *See Brooks*, 116 F.3d at 1371; *Butler v. Magellan Health Services*, 2000 U.S. Dist LEXIS 9278, *7 (M.D. Fla. June 20, 2000); *In re ValuJet, Inc., Sec. Litig.*, 984 F. Supp. 1472, (N.D. Ga. 1997) (applying the *Brooks* pleading requirements to test sufficiency of fraudulent omission claim). The Eleventh Circuit weighed the notice pleading requirements of Rule 8(a) against the language and policies of Rule 9(b) in enunciating the pleading requirements for fraudulent omissions. *Brooks*, 116 F.3d at 1371. Blumberg must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and
>
> (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and
>
> (3) the content of such statements and the manner in which they misled the Plaintiff, and
>
> (4) what the defendants obtained as a consequence of the fraud.

*Id.*

Blumberg blithely argues that she has "provided more than sufficient detail to satisfy Rule 9(b)" by stating that USG sold to her and class members an annuity without a first-year bonus provided to other customers; did not tell her of the "substantially-similar" but "superior" annuity; and passed some of the benefits on to its agents to increase sales.[1] Response at 8-9. Without factual detail this is simply a suspicion stated as a conclusion. Such broad-brush statements do not satisfy Rule 9(b)'s heightened pleading requirement. *See, e.g., Butler*, 2000 U.S. Dist LEXIS 9278 at *7 (dismissing fraud claim that simply alleged a scheme to defraud without factual allegations detailing the actual acts of fraud and the circumstances surrounding the acts).

Blumberg has not identified a single "substantially-similar" annuity fitting the conclusions reached in the Amended Complaint.[2] Blumberg either refuses to identify a "substantially-similar" annuity or cannot identify a "substantially similar" annuity and is using this lawsuit as an investigative probe into USG's nationwide business practices over the past eight years based on suspicions raised in an article in an industry publication that does not even mention USG by name. *See Knight v. E.F. Hutton and Co., Inc.*, 750 F. Supp. 1109, 1114 (M.D. Fla. 1990) (recognizing that Rule 9(b)'s particularity requirement serves to protect defendants from unfounded charges of fraudulent behavior and to "eliminate complaints filed as a pretext for

---

[1] Although asserted in the Response, the alleged benefit of "increase[d] sales" is not alleged in the Amended Complaint.

[2] Nor has Blumberg identified a single customer who got the "better" deal. In a syllogistic slight of hand, she retorts that there is "no reason why USG would need to know . . . the names of its own customers who purchased its other more favorable annuities." Response at 3, n.4 (emphasis in original). USG, thus, has no way of determining the identity of the "substantially-similar" annuity it supposedly failed to make available to Blumberg.

3

attempts to discover unknown wrongs"); *see also Arral Indust. v. Touch Entertainment, Inc.*, 2000 WL 141269, *3 (S.D. Fla. Jan. 18, 2000) ("The purpose behind Rule 9(b)'s specificity requirement 'is to eliminate fraud actions in which all of the facts are learned through discovery after the complaint is filed.'") (quoting *Friedlander v. Nims*, 755 F.2d 810, 813 n. 3 (11th Cir.1985)).[3]

Further, although the Amended Complaint arises from an alleged omission by the broker[4] who sold Blumberg the annuity but failed to offer some unidentified product, or to explain some particular feature, Blumberg surprisingly argues that none of the broker's statements in conjunction with this alleged omission are relevant "because the substance of the oral representation is not at issue." Reply at 3, n.4.[5] The broker's oral representations are precisely at

---

[3] Blumberg cites *Arral* as authority that the lack of factual detail in the amended complaint is of no consequence because Rule 8(a) abrogates the requirements of Rule 9(b). Response at 6. Not only is this contrary to the Eleventh Circuit's construction of Rule 9(b) in *Brooks*, but the court in *Arral* recognized that "[i]n the present case, Plaintiff's claim of fraud plainly comports with the requirements of Rule 9(b) . . . [because] Plaintiff's amended complaint exhaustively sets forth the factual background of this case." *Arral Indust.*, 2000 WL 141269 at *3. The other case Blumberg cites for a non-heightened-Rule-9(b)-pleading standard is likewise unpersuasive because the *Gas Litigation* court's construction of Rule 9(b) was limited to the context of securities fraud class actions. *In re U.S. Oil and Gas Litigation*, 1988 WL 28544, *1 (S.D. Fla. Feb 8, 1988). Indeed, pleading abuses in securities class actions led Congress to pass the Private Securities Litigation Reform Act of 1995 legislatively overruling such decisions and imposing strict particularity standards on such complaints. 15 U.S.C. §§ 77k, 77l(2), 77z-2(c)(11), 78k-4(1995).

[4] Blumberg identifies the "agent" for the first time in her Response. Factual allegations identifying this individual and a clear allegation as to whether Blumberg contends the individual is USG's agent or Blumberg's insurance broker are not included in the Amended Complaint. *See Anthony Distribs., Inc. v. Miller Brewing Co.*, 904 F. Supp. 1363, 1365-66 (M.D. Fla. 1995) (requiring plaintiff to plead identity of individual making misrepresentation to comply with Rule 9(b)).

[5] Blumberg cites as authority a discussion in a securities class action case on whether the named plaintiff's experience was typical of the class members. *Kennedy v. Tallant*, 710 F.2d

issue and critical in placing the facts and alleged omission in context. *See Anthony Distribs., Inc. v. Miller Brewing Co.*, 904 F. Supp. 1363, 1365-66 (M.D. Fla. 1995) (finding allegations inadequate to satisfy rule 9(b) where plaintiff failed to "quote or paraphrase the alleged fraudulent misrepresentations"). Blumberg asserts in the Amended Complaint that USG sold multiple annuities nationwide and that there was at least one other comparable annuity that was a better investment than the one she bought. The Amended Complaint does not allege: what she asked her broker for; whether her broker presented any information on these other products; whether Blumberg asked her broker for information as to other USG products; whether her broker offered Blumberg brochures describing USG's product line, current rates, features, etc.; or whether the brochures contained the information allegedly omitted from the oral representations. Although Blumberg has first-hand knowledge of the answers to these questions, none of the facts are alleged in the Amended Complaint.[6]

Instead of addressing these inadequacies, Blumberg blusters ahead by suggesting in her Response that there was a "top-down, home-office fraud." Response ¶¶ 2, n.2; 3, n.4. Blumberg's conclusory references to a fraudulent corporate scheme in response to a motion to

---

711, 717 (11th Cir. 1983). In affirming the trial court's class certification, the appellate court recognized that "Kennedy claimed and later proved that appellants committed the same unlawful acts in the same method against an entire class." *Id.* Thus, *Kennedy* lends no support to the plaintiff's argument that the oral representations of the agent that sold her the annuity are immaterial in pleading fraud.

[6]    Because of Blumberg's first-hand knowledge of her broker's oral representations, she cannot avoid Rule 9(b)'s requirements by alleging that "the details of the fraud are particularly in the hands of the corporate defendant." Response at 7, n. 7. The only reason Blumberg "need[s] discovery to learn every aspect of the fraud" is because she has no evidence of fraud and is using this lawsuit as a pretext to confirm a suspicion raised by an article that does not mention any company by name.

dismiss (but not in the Amended Complaint) do not eviscerate the mandatory pleading requirements of Rule 9(b). *See, e.g., Butler,* 2000 U.S. Dist LEXIS 9278, *11 (dismissing complaint with prejudice for failing to comply with Rule 9(b) because plaintiff failed to include in an amended complaint specific factual allegations in support of an alleged fraudulent scheme). Because Blumberg fails to plead fraud with specificity, the counts alleging fraud should be dismissed pursuant to Rule 9(b).[7]

## II. BLUMBERG CANNOT SATISFY THE ELEMENTS OF HER CLAIM UNLESS UITPA ALLOWS A PRIVATE RIGHT OF ACTION

Although Blumberg acknowledges that she is not seeking to privately enforce the provisions of UITPA, she fails to acknowledge (or deny) that she relies on the alleged violation of UITPA to satisfy the elements of *each* of her counts. *See* Motion to Dismiss at 11-12 (citing numerous examples from the Amended Complaint). Blumberg, of course, resorts to the alleged violation of UITPA because the common law does not recognize a duty or cause of action based even on the conclusions asserted in the Amended Complaint. However, the Florida Legislature has decided *not* to afford private rights of action for the supposed violation of UITPA asserted. *See* Motion to Dismiss at 12. Because Blumberg cannot state an actionable claim without relying on UITPA, the Amended Complaint should be dismissed with prejudice.

---

[7] Although Blumberg asserts that only count I of the Amended Complaint alleges fraud, allegations of fraud are incorporated into each count. This alone is a repeated pleading defect requiring dismissal. Further, Blumberg clarifies in her Response that she is not constrained by the labels of her counts. Response at 14. Consequently, all of the counts alleging fraud should be dismissed.

### III. BLUMBERG HAS NOT ALLEGED A SINGLE FACT EVIDENCING A FIDUCIARY RELATIONSHIP WITH USG

Contrary to Blumberg's mischaracterization of the motion to dismiss, USG agrees that the determination of whether a fiduciary relationship exists depends on the *facts* surrounding the parties' relationship. Plaintiff has the burden to plead and establish facts evidencing the existence of a fiduciary relationship. *Swerhun v. General Motors Corp.*, 812 F. Supp. 1218, 1223 (M.D. Fla. 1993). Blumberg apparently concedes that the sale and purchase of an annuity does not in itself create a fiduciary relationship. *See* Response at 10 (citing *Iowa Nat'l Mut. Ins. Co. v. Worthy*, 447 So. 2d 998, 1001 (Fla. 5th DCA 1984) (finding facts surrounding sale of insurance policy did not establish a fiduciary relationship)). Thus, Blumberg must allege facts concerning the conduct of USG that created such a trust relationship.

The Amended Complaint, however, does not allege a single fact concerning either the oral representations made by the broker who sold Blumberg the annuity or the written material provided by USG. In contrast, all of the insurance cases recognizing a fiduciary relationship cited by Blumberg contain precisely these types of allegations. *See Russo v. Massachusetts Mutual Life Ins. Co.*, 1997 N.Y. Misc. LEXIS 170, *3 (N.Y. Sup. March 25, 1997) (reviewing oral and written representations made to plaintiff in vanishing premiums case after recognizing a fiduciary relationship is "not usually associated with the purchase and sale of an insurance contract"); *Meagher v. Metropolitan Life Ins. Co.*, 119 Misc.2d 615 (N.Y. Sup. 1983) (finding allegations sufficient to establish a confidential relationship when the agent allegedly told the sick and elderly plaintiff, in part, that the annuity "would produce the largest return possible on her investment"); *Dornberger v. Metropolitan Life Ins. Co.*, 961 F. Supp. 506, 546 (S.D.N.Y.

7

1997) (finding fiduciary relationship created by insurer who targeted advertising campaign at Americans living abroad, "assuaging their concerns and promising personalized service to handle questions and problems"); *see also Rabouin v. Metropolitan Life Ins. Co.*, 699 N.Y.S.2d 665, 656-58 (N.Y. Sup. 1999) (recognizing that under binding New York law, insurers deal with insureds at arms length and fiduciary relationships are "the exception rather than the rule" and result from dealings between an insurer and its insured"; but finding no factual allegations creating a fiduciary relationship from the payment of premiums in return for an insurance policy). The cases cited by the plaintiff, therefore, reveal the inadequacies of her allegations.

Faced with this burden, Blumberg asserts in her Response that she trusted and developed a fiduciary relationship with USG because of her reliance on the "extensive regulation of the insurance industry, USG's home-office fraud, and the express prohibitions against unfair sales practices and discriminatory benefits included in § 626.9541(1)(g)(1)." Response at 13. Blumberg's allegation of "home-office fraud" does not even appear in the Amended Complaint, and these allegations say nothing about Blumberg's actual experience. The Plaintiff cannot create a fiduciary relationship by simply alleging the existence of regulation and a failure to comply with those regulations. *See Goshen v. Mutual Life Ins. Co.*, 1997 N.Y. Misc. LEXIS 486, *28-*33 (N.Y. Sup. 1997) (finding no fiduciary relationship as a consequence of "the superior knowledge of the agent, the complexity of the product being sold, the knowledge acquired by the agent concerning the plaintiffs' financial position, and the resulting propensity of the (presumably) relatively unsophisticated class members to rely on the agent's expertise").

Blumberg's desire to avoid the specific representations made to her by the insurance agent and USG in purchasing the annuity is not surprising given the detrimental impact such

individualized facts can have on the decision to certify a class action. *See, e.g., Jackson Nat'l Life Ins. Co. Premium Litigation*, 200 WL 729540, *4-*6 (W.D. Mich. May 18, 2000) (recognizing that variances in representations, their materiality, and the reasonableness of plaintiff's reliance are fact issues which "tend to overwhelm the common questions of law and fact" necessary for Rule 23(b)(3) class certification).[8] Nevertheless, Blumberg cannot assert the existence of a fiduciary relationship in an area where such a relationship is the exception rather than the rule, and still dismiss the significance of the representations made to her by the agent and USG in purchasing the annuity. *Id.* at 220-21; *Jackson Nat'l Life Ins. Co. Premium Litigation*, 200 WL 729540 at *6.

> Taking this hypothesis [that a fiduciary duty is created by the superior knowledge of the agent, complexity of the product, knowledge of the plaintiff's financial position, and propensity of an unsophisticated class member to rely on the agent's representations] to its logical conclusion, it would follow that every sale of a complex insurance product to a prospective client lacking the sales' agent's expertise and financial sophistication would result, per se, in a fiduciary relationship between the insurer and its insured. Presumably, therefore, fiduciary relationships between sales agents and prospective clients would be the norm in the insurance industry, as well, potentially, in the context of other industries in which complex, high-ticket items are sold under the guidance of experienced sales personnel possessed of superior knowledge of the product.

---

[8] In fact, the case Blumberg relies on for, "[p]erhaps," her most important argument, recognizes that class certification would be inappropriate if the defendant's misrepresentation varied in each presentation. *Great Southern Life Ins. Co. Sales Practices Litigation*, 192 F.R.D. 212, 219-20 (N.D. Tex. Mar 14, 2000) (vanishing premium case).

*Goshen* at *31 (finding these circumstances too broad to create a fiduciary relationship between an insurance agent and prospective client).[9]

Having failed to allege any facts evidencing the creation of a fiduciary relationship, Blumberg's claim for breach of fiduciary duty should be dismissed.

## IV. INJUNCTIVE RELIEF

Although the Amended Complaint's requests that this Court "immediately enjoin Defendant's activities," Blumberg concedes in her Response that preliminary injunctive relief is premature. USG accepts this concession.

## V. CONCLUSION

The Amended Complaint fails to allege facts necessary to survive a motion to dismiss. These same deficiencies were noted in USG's motion to dismiss the original Complaint. Instead of correcting these pleading deficiencies with facts known to the Plaintiff (if they existed at all), the Plaintiff simply reproduced her conclusory speculations in the Amended Complaint. More telling, the Plaintiff now retreats from these broad allegations in her Response.

The Plaintiff has had ample opportunity to plead her claim, but cannot. Consequently, the Court's dismissal should be with prejudice.

---

[9] Blumberg appends an argument to the fiduciary-duty response asserting that separate and apart from any fiduciary relationship, USG owed Blumberg a duty to disclose the alleged higher-interest-rate annuity because they shared a "relation of trust or confidence." Response at 14. Whether labeled as a claim for breach of fiduciary duty or breach of trust/confidence, Blumberg has not alleged any facts evidencing such a special relationship. *Goshen, supra.*

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant USG Annuity & Life Co.
200 South Biscayne Boulevard, Suite 4000
Miami, Florida 33131
Telephone:   (305) 577-2864
Telecopy:    (305) 577-7001
E-mail:      lmurphy@steelhector.com
             rpittman@steelhector.com

By: _____
Lewis F. Murphy, P.A.
Florida Bar No. 308455
Robert W. Pittman
Florida Bar No. 029744

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. mail this 21ST day of July, 2000 to: **MICHAEL E. CRIDEN, ESQ.,** Attorneys for the Plaintiff, Hanzman Criden Chaykin & Rolnick, P.A., Commercebank Center, Suite 400, 220 Alhambra Circle, Coral Gables, Florida 33134.

By: _____
Robert W. Pittman

MIA_1998/603649-2